1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| ROBIN A. DUNN, | CASE NO. 13CV0482 CAB (MDD) |
|---|---|
| Plaintiff, | ORDER ON MOTION [ECF NO. 12] |
| vs. | |
| PETER MELKONIAN, | |
| Defendant. | |

On September 25, 2013, Plaintiff moved to request this Court to (1) order the San Diego Sheriff's Department to confidentially provide Defendant Melkonian's last known address to the Court, and (2) to direct the U.S. Marshals Service to serve Defendant upon receipt of the address. (ECF No. 12).

Plaintiff is a state prisoner incarcerated in Ironwood State Prison proceeding *pro se* and *in forma pauperis*. On February 27, 2013, Plaintiff filed a complaint under 42 U.S. §1983 alleging a violation of his civil rights. After an initial screening by the district court, claims against the City of San Diego and a Jane Doe defendant were dismissed with prejudice. (ECF No. 5). The sole remaining defendant is Peter Melkonian. On July 18, 2013, a summons was issued. On August 5, 2013 the summons was returned unexecuted. Plaintiff had attempted to effectuate service at the George Bailey Detention Center. George Bailey

was the location of the alleged incident between Plaintiff and Defendant Melkonian and was the only address Plaintiff had in order to attempt service. Upon receipt, officials at George Bailey returned the summons remarking that Defendant Melkonian no longer worked at the facility and that records reflected that he no longer worked for the Sheriff's Department. A forwarding address was not provided.

Plaintiff has continued to attempt to acquire Defendant's address in order to serve him with the complaint. In a letter dated August 20, 2013, the Sheriff's Department informed Plaintiff that they would not release Defendant's address citing the confidentially of peace officer's personal information pursuant to California law. (ECF No. 12 at 11).

Due to Plaintiff's confinement in prison he cannot independently investigate, and without an address Plaintiff cannot serve Defendant Melkonian. Thus, he moves the Court to order the Sheriff's Department to confidentially provide the Court with Defendant's last known address.

In cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed.R.Civ.P. 4(c)(2). "'[A]n incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir.1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir.1990)) "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . .'" *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir.1990)).

Here, Plaintiff has identified Defendant as a former guard at George Bailey Detention Center in the employ of the Sheriff's Department. Plaintiff's ability to provide further information is hindered by the limits of incarceration. Thus, it is appropriate for Plaintiff to seek assistance from the Court to attempt to serve Defendant, so long as the confidentiality of Defendant's personal information may be maintained.

IT IS HEREBY ORDERED:

1. The Clerk shall direct the U.S. Marshal to serve a copy of this order to the San Diego Sheriff's Department. All costs of service shall be advanced by the United States.

2. The San Diego Sheriff's Department shall confidentially provide Defendant Melkonians last known address to the Clerk of Court on or before November 15, 2013.

3. Upon the receipt of Defendants last known address, should one exist, the Clerk shall direct the U.S. Marshal to serve a copy of the Summons and Complaint upon Defendant. All costs of service shall be advanced by the United States.

4. The Clerk of Court, the Sheriff's Department, and the Office of the U.S. Marshal are hereby ordered to keep the address strictly confidential. The address shall not appear on any 285 Form, shall not be provided to Plaintiff, and shall not be made part of the Court record.

DATED: October 25, 2013

Hon. Mitchell D. Dembin
U.S. Magistrate Judge