UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN A. DUNN,<br>CDCR # AE-9826,<br><br>         Plaintiff,<br><br>  vs.<br><br>PETER MELKONIAN,<br><br>         Defendant. | Case No.:  3:13-cv-00482-CAB-MDD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR AND APPOINTING PRO BONO COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) AND S.D. Cal. Gen. Order 596**<br><br>**[ECF No. 130]** |

ROBIN A. DUNN ("Plaintiff"), a prisoner proceeding *in pro se* and currently incarcerated at Ironwood State Prison in Blythe, California, was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) on July 18, 2013, in this civil rights action which he has since been prosecuting on his own behalf pursuant to 42 U.S.C. § 1983 (ECF No. 5).

**I.   Procedural History**

On March 25, 2015, the Court denied Defendant Melkonian's Motion to Dismiss and granted Plaintiff additional time in which to effect proper service pursuant to FED. R. CIV. P. 4 (ECF No. 38). Melkonian was eventually served, and filed his Answer on January 28, 2016 (ECF No. 57). After the completion of discovery, neither party moved for summary judgment.

On November 22, 2016, the Court set a pretrial conference for December 16, 2016 (ECF No. 128). Plaintiff responded by filing a Motion for Extension of Time (ECF No. 128) in which to file a Motion for Appointment of Counsel (ECF No. 130). On December 6, 2016, the Court granted Plaintiff an extension of time and vacated all pretrial dates, including the pre-trial conference previously set for December 16, 2016, pending resolution of Plaintiff's Motion to Appoint Counsel (ECF No. 131).

## II.     Plaintiff's Motion for Appointment of Counsel

While there is no right to counsel in a civil action, a court may under "exceptional circumstances" exercise its discretion and "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The court must consider both "'the likelihood of success on the merits as well as the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

On January July 18, 2013, again on February 19, 2016, Plaintiff's previous motions for appointment of counsel were denied, based on findings that he, at least at those stages of the proceedings, had failed to show the "exceptional circumstances" necessary to satisfy 28 U.S.C. § 1915(e)(1) (ECF No. 5 at 3, 7; ECF No. 62 at 1-2). *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

In light of Plaintiff's most recent Motion and the impending trial, the Court has elected to exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1), and has requested volunteer pro bono counsel for purposes of representing Plaintiff for purposes of trial and any further proceedings before the Court under the provisions of this Court's "Plan for the Representation of Pro Bono Litigation in Civil Case filed in the Southern District of California," and General Order 596.

The Pro Bono Plan specifically provides for appointment of pro bono counsel "as a matter of course for purposes of trial in each prisoner civil rights case where summary judgment has been denied." *See* S.D. CAL. GEN. ORDER 596. In this case, Plaintiff is an

indigent prisoner, and his claims require resolution by trial, just as they would if summary judgment had been denied. Therefore, the Court has concluded that the ends of justice would be served by the appointment of pro bono counsel under circumstances, and has identified a random volunteer on the Court's Pro Bono Panel who has graciously agreed to represent Plaintiff pro bono during the course of all further proceedings held before this Court. *See* S.D. CAL. GEN. ORDER 596.

### III. Conclusion and Order

Accordingly, the Court **GRANTS** Plaintiff's Motion for Appointment of Counsel (ECF No. 130) and **APPOINTS** Sandra Payne Hagood, Esq., SBN 283366, of the Law Office of Sandra Payne Hagood, 420 Vincente Way, La Jolla, California, 92037, as Pro Bono Counsel for Plaintiff.

Pursuant to S.D. CAL. CIVLR 83.3.f.2, Pro Bono Counsel must file, within fourteen (14) days of this Order, if possible, and in light of Plaintiff's incarceration, a formal written Notice of Substitution of Attorney signed by both Plaintiff and his newly appointed counsel. Such substitution will be considered approved by the Court upon its filing, and Pro Bono Counsel will thereafter be considered attorney of record for Plaintiff for all purposes *during further proceedings before this Court, in this matter only, and at the Court's specific request*. *See* S.D. CAL. CIVLR 83.3.f.1, 2. Once the substitution is filed, the Court will reset the pretrial and trial dates.

The Court further **DIRECTS** the Clerk of the Court to serve Ms. Hagood with a copy of this Order at the address listed above upon filing. *See* S.D. CAL. CIVLR 83.3.f.2.

**IT IS SO ORDERED**.

Dated: December 30, 2016

Hon. Cathy Ann Bencivengo
United States District Judge